## FEBRUARY TERM, 1804.

---

### *Job Atterbury* v. *William Teller, Junior.*

THIS was an action on two promissory notes, on
which the clerk had, according to the practice of the
court, assessed damages.

A former suit had been brought on the same notes,
which were the foundation of the present action.——
The attorney for the plaintiff lived in *New-York*, and
had not any agent in *Albany*, near to which, the at-

torney of the defendant resided. Whilst the plain-
tiff's attorney was proceeding in *New-York*, to ob-
tain judgment, the defendant's attorney put up, in
the clerk's office in *Albany*, the usual notice of ap-
pearance, and of a rule to declare, after the expira-
tion of which, no declaration having been received,
the defendant, after the regular affidavit of due ser-
vice, entered a *nonpros* for not declaring. During
these transactions in *Albany*, the plaintiff went on in
*New-York*, and there obtained, subsequent to the
entry of *nonpros* in *Albany*, a judgment by default ;
after which, the clerk of the court duly assessed
damages, and indorsed the amounts on the respec-
tive notes. The attorney on record for the plaintiff
having been changed, the present attorney discover-
ed the above circumstances, and as the judgment of
*nonpros* had been entered in consequence of the ori-
ginal attorney for the plaintiff not having had an agent
in *Albany*, he paid the defendant's attorney the costs
of *nonpros*, and agreed to vacate his own judgment,
which was accordingly done.

A second action being now commenced, the plain-
tiff was apprehensive, that the assessment of damages
under the first, might be made use of on the trial,
as a species of judgment already recovered.

*Pendleton*, on affidavits containing the above facts,
moved for liberty to strike out the assessment indors-
ed, and proceed to trial on the merits, in the same
manner as if the damages had never been assessed.
*Van Antwerp* resisted the motion, relying on the as-
sessment being conclusive as to the amount.

*Per Curiam.*   Take the effect of your motion, Feb. Term, 1804. with costs of this application, to be paid by the defendant.

